527 F.2d 745
 91 L.R.R.M. (BNA) 2029, 78 Lab.Cas. P 11,176
 GENERAL WAREHOUSEMEN AND EMPLOYEES, LOCAL UNION NO. 636
affiliated with International Brotherhood of
Teamsters, Warehousemen and Helpers of America
v.
JOSEPH HORNE COMPANY, DIVISION OF ASSOCIATED DRY GOODS
CORPORATION, Appellant.
 No. 75--1302.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit
Rule 12(6) Oct. 31, 1975.
Decided Dec. 15, 1975.
 
 Robert Lewis, Roger S. Kaplan, Lewis H. Silverman, Jackson, Lewis, Schnitzler & Krupman, New York City, Edward J. Van Allen, Kirkpatrick, Lockhart, Johnson & Hutchinson, Pittsburgh, Pa., for appellant.
 Frank P. G. Intrieri, Thomas W. Brown, Jubelirer, McKay, Pass & Intrieri, Pittsburgh, Pa., for appellee.
 Before GIBBONS, Circuit Judge, MARKEY,* Chief Judge, Court of Customs and Patent Appeals, and WEIS, Circuit Judge.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge.
 
 
 1
 This is an appeal from a final order entered by the United States District Court for the Western District of Pennsylvania directing the Joseph Horne Company (hereinafter the employer or the Company) and General Warehousemen and Employees, Local Union 636 (hereinafter the Union or Local 636) to submit to arbitration the seniority issue raised by an employee, Charles E. Biteler. The Union instituted this action against the Company pursuant to § 301 of the Labor Management Relations Act of 1947 (Taft-Hartley Act), 29 U.S.C. § 185 (1970), requesting enforcement of the arbitration provisions of the parties' present collective bargaining agreement (hereinafter the agreement). The employer contends that the grievance at issue is excluded from the arbitration clause of the agreement. The district court held that the Union's consent to the exclusionary clause was vitiated by the Company's concealment of the facts creating the basis for the grievance prior to the execution of the agreement. Because we conclude that the district court's finding of concealment on the part of the employer is clearly erroneous, we reverse.
 
 
 2
 Local 636 and the Company are currently parties to a collective bargaining agreement executed on December 18, 1973 and made effective from that date until February 14, 1976. Section 7.7 of Article VII of this agreement contains an arbitration provision which states in pertinent part that:
 
 
 3
 G. Occurrences prior to the execution date or subsequent to the expiration date of this Agreement shall not be subject to arbitration, unless by consent of the Company. (App. at 97a).
 
 
 4
 On January 10, 1974 the Company received a written grievance report, dated January 4, 1974, from Biteler in which he complained that the employer had violated the seniority provisions of Article VI of the agreement by promoting a 'less senior employee' to a higher rated job classification without consideration of his seniority. (App. at 122a). Subsequent discussions and correspondence between the Company and the Union disclosed that the 'less senior employee' referred to by Biteler was Guy DiPaola. Both Biteler and DiPaola had been employed in the furniture workroom of the Company's Pittsburgh store and service building as 'benchhands'. On May 17, 1971 the Company had promoted DiPaola to the higher job classification of 'Combination Furniture Repairer' even though he had less seniority than Biteler.[1]
 
 
 5
 DiPaola's promotion is an occurrence prior to December 18, 1973 the effective date of the new agreement. The Company, therefore, contends that it is not required to arbitrate this grievance because of the exclusion in § 7.7(G) of the agreement. Local 636 and Biteler, however, argue that the Company, prior to the execution of the December 18th agreement, failed to disclose DiPaola's promotion and that this concealment of material facts vitiated the Union's consent to the exclusion contained in § 7.7(G). The district court found that:
 
 
 6
 (N)either the individual employee nor the Union was informed of the promotion until after the execution of the current agreement. General Warehousemen and Employees Local Union No. 636 v. Joseph Horne Co., Civil No. 74--339 (W.D.Pa. July 18, 1974).
 
 
 7
 On the basis of this finding the court concluded that Local 636 was not bound by § 7.7(G)'s exclusion of certain otherwise arbitrable grievances. But in making this finding the district court did not refer to evidence in the record bearing on the issue. Our review of the entire evidence leaves us with the definite and firm conviction that a mistake has been committed. Fed.R.Civ.P. 52(a); United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948); Krasnov v. Dinan, 465 F.2d 1298, 1302 (3d Cir. 1972).
 
 
 8
 The uncontradicted testimony of Richard Koch, the Company's Manager of Merchandise Handling and Workroom Superintendent, establishes that in September, 1973 the employer and Local 636 began to prepare updated seniority lists. The Company's initial list, dated October 5, 1973, contained the name of each employee, his job classification, company service date, and group and bargaining unit seniority dates. (Company's Trial Exhibit 'B', App. at 132a--138a). This list was submitted to the Union in early October at a negotiation meeting held at the office of the Federal Mediation and Conciliation Service. At the suggestion of the Mediator both parties to the negotiations reviewed the list which included the names, job classifications, and seniority dates of DiPaola and Biteler. (Tr. at 101--102). Robert Baird, the Union's Chief Negotiator, testified that he received the list in October shortly after it was prepared in response to Union inquiries regarding seniority dates. (Tr. at 159--60).
 
 
 9
 In addition to the Company's October list, the Union independently prepared its own list during the October negotiations which included the respective job classifications and seniority dates of Biteler and DiPaola. (Company's Trial Exhibit 'C', App. at 139a--142a). This list was given to the Company by William Pulfer, a member of the Union's negotiating committee and steward for the service building where Biteler and DiPaola worked. (Tr. at 102--108).
 
 
 10
 After the October seniority lists were exchanged, the parties compared and discussed them. Revised lists were prepared by the Company on December 12, 1973 and these, too, indicated that DiPaola had a higher job classification and less seniority than Biteler. Mr. Baird testified that he had the December 12th list in his possession on December 14th at the latest, six days prior to the execution of the new agreement. (Tr. at 16--17).
 
 
 11
 Against the uncontradicted evidence that the Company furnished a list making full disclosure of the job classification and seniority status of both employees, and that the Union independently had the same information, there is only the testimony of Baird that neither Biteler nor DiPaola were mentioned by name during the negotiations (Tr. at 14)[2] and the testimony of Biteler that he did not discover DiPaola's seniority status until the December 12th list was posted on December 17th (Tr. at 57). Even accepting their testimony at face value, we can discover no evidentiary support whatsoever for the district court's finding that neither the individual employee nor the Union was informed of DiPaola's promotion until after the execution of the current agreement on December 18, 1973. Indeed the fact that DiPaola's status appears on the list posted on December 17th reenforces the evidence of disclosure to the Union in October and the preparation of a consolidated seniority list on December 12th. The district court's finding bears no rational relationship to the evidentiary data in the record.
 
 
 12
 Local 636 urges that the judgment appealed from should in any event be affirmed because § 7.7(G) is not a bona fide exclusion from arbitration, but only a procedural time bar. The district court did not so construe the clause. Had it done so, that finding, too, would have been reversible error, for the exclusion clause could hardly be drafted any more clearly.
 
 
 13
 The judgment appealed from will be reversed and the case remanded with directions for the entry of a judgment for the defendant Company.
 
 
 
 *
 Chief Judge, Court of Customs and Patent Appeals, sitting by designation
 
 
 [1]
 In 1971 Local 636 and the Company were parties to a collective bargaining agreement which had been in effect since February 15, 1968. This agreement expired pursuant to its terms on February 15, 1973. Negotiations resulting in the December 18th agreement began on January 15, 1973 and involved over thirty meetings between the parties. The progress of these negotiations was interrupted by a strike which was called by the Union on November 10, 1973 to enforce its demands and which after mediation under the auspices of the Federal Mediation Board, was settled approximately five weeks later on December 17th
 
 
 [2]
 Baird's testimony that DiPaola's name was not mentioned is disputed by the testimony of Company negotiator Lawrence F. Stoneberg who contends that DiPaola's status was a matter of specific negotiation. (Tr. at 78--79). We attach no significance for purposes of this appeal to that dispute